[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
BACKGROUND
This action is brought by the Plaintiff husband against the Defendant wife for dissolution of their marriage on grounds of irretrievable breakdown. The parties were married September 15, 1984 at Norwalk, Connecticut. The parties have one minor child issue of the marriage, Heidi Ruth Tartell, age 14.
The parties appeared at trial and each testified. The court observed their demeanor and evaluated their credibility. In addition, the court reviewed and considered the exhibits, sworn financial affidavits, claims for relief, proposed orders and trial memorandum. Based upon the evidence, the court makes the following findings.
This action was commenced on September 9, 1998. The court has jurisdiction, and all statutory stays have expired. The marriage CT Page 16057 has irretrievably broken down and judgment may enter dissolving the marriage on this ground. The Plaintiff is 40 years of age, is in good health, and is employed by Connecticut Light and Power Company. The Defendant is 45 years of age, in good health, and is employed by Stamford Hospital.
In accordance with the terms of the agreement of the parties, the court enters the following orders:
 1. Neither party shall receive alimony as no claim for alimony was made.
 2. Plaintiff shall have sole legal and physical custody of the minor child.
 3. Parties shall arrange a visitation schedule which shall be subject to approval of the 14 year old minor child. In the event of their inability to do so, they shall seek the assistance of the office of Family Relations. Plaintiff shall keep Defendant advised, at all times, of his address and telephone number and shall allow phone calls to the minor child at reasonable times.
 4. The court finds an arrearage in the amount of $2100 for child support payments, and the Defendant is ordered to pay to the Plaintiff $10 per week commencing January 7, 2000 and weekly thereafter until the said arrearage is paid in full.
 5. The Defendant shall pay to the Plaintiff child support in the amount of $80 per week. Wage withholding shall be automatic.
Plaintiff seeks support for the four month period prior to commencement of this action. He seeks this relief based upon the provisions of General Statutes § 46b-215. Most claims for support, where parents of a minor child live apart, are brought as part of a dissolution action pursuant to the provisions of General Statutes § 46b-61. Section 46b-215 permits the Superior Court, or Family Support Magistrate, to make orders for support against any person who neglects or refuses to furnish necessary support to a spouse or child under the age of 18, according to such person's ability to pay.
Procedures for seeking support under § 46b-215 are different CT Page 16058 than those under § 46b-61. An action for dissolution is brought by complaint, whereas proceedings for support pursuant to §46b-215 must be commenced by service, on the liable person or persons, of a verified petition with summons and order, in a form prescribed by the Office of the Chief Court Administrator. Such a petition may be brought not only by a husband or wife, but also by a child or any relative or the conservator, guardian or family relations case worker or support enforcement officer, town or state or any selectman, or the public official charged with the administration of public assistance of the town. In addition to a spouse/parent, defendants may include a conservator or guardian of any obligor, payee of social security or other benefits to which the obligor is entitled. Where support is brought pursuant to § 46b-61 in a dissolution action, court orders may enter only against the parent.
This action, started by complaint, seeks a dissolution and related relief pursuant to § 46b-61 of Chapter 815. Support in such actions may only be ordered after the return date. No request was made for support for the time before this action either by pendente lite motion or in the claims for relief and §46b-56 does not authorize such relief. The request for support for the four months prior to the commencement of the action is denied.
Plaintiff also requests that the Defendant be required to pay 50 percent of private school tuition payments for the minor child. The child is presently attending Trinity Catholic High School. No specific amount was requested and no bills, current or future, were introduced. This request is, in effect, a request for additional support above and beyond the guideline amount. Plaintiff suggests that an additional $50 per week is appropriate because of the expenses for this private school education. Plaintiff did not demonstrate any special need not being met by or not available from the public school. The Plaintiff also failed to prove that the Defendant has the financial means available to pay for such education. Without such showings, no payment for private school will be ordered.
Defendant seeks payment of a percentage of funds removed from the parties' joint account by the Plaintiff when he moved out of the family home. The court finds that the money taken, some $2000, was used for ordinary, reasonable, and necessary household expenses. No order for repayment will enter. CT Page 16059
Plaintiff requests an order requiring that the Defendant purchase life insurance with the child an irrevocable beneficiary, and to keep the same in effect for so long as there is an obligation to pay child support. The Plaintiff failed to introduce evidence as to the cost of this insurance, the insurability of the Defendant, or the ability of the Defendant to pay, and therefore no order will be enter.
Plaintiff and Defendant shall each be solely obligated to pay their own liabilities.
Counsel for the Plaintiff shall draft and sign a judgment file within 30 days and send the same to counsel for the Defendant for signing and return to court.
HILLER, J.